## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

THIS SETTLEMENT AGREEMENT (the "Agreement") covers all understandings between Valentina Botero ("Botero"), on the one hand, and Maria B. Narvaez, Jose A. Gomez, Jose Gomez a/k/a Marlon Gomez, and Mamacita's, Inc. (collectively, "Defendants"), on the other hand.

WHEREAS, Botero filed a Complaint in U.S. District Court against Defendants for, among other things, minimum wages under the Fair Labor Standards Act (Case # 0:21-CV-60107-RAR (S.D. Fla. 2021) (the "Action"));

WHEREAS, Defendants deny any liability to Botero and;

WHEREAS, the parties to this agreement prefer to avoid the uncertainties and expense of potential litigation;

NOW, THEREFORE, in consideration of the mutual promises contained herein, it is agreed between the Parties as follows:

1. **SETTLEMENT SUM**

In exchange for the promises made by Botero and her execution of this Agreement, Mamacitas, Inc. ("Mamacita's") agrees to pay **$17,000.00** (the "Settlement Sum"), consisting of $6,000.00 in wages; $6,000.00 in liquidated damages, and $5,000.00 in attorneys' fees and costs, in satisfaction of any and all Botero's claims related to unpaid wages, unpaid overtime, liquidated damages, and attorneys' fees costs, and litigation expenses that were asserted or that could have been asserted in the Action (collectively, "Released Claims").  The Settlement Sum shall be delivered to Botero's counsel's office, Justice for Justice, LLC, 1205 N. Franklin Street, Suite 326, Tampa, Florida 33602, no later than 14 days from the entry of the Court's Order approving this Agreement.  Time is of the essence as to payment of the Settlement Sum.

The payment shall be made payable to in three checks as follows:

Doc ID: f43dcf5ec3f1afb3511fda94a7c4f4eb51be3cd8

a. check, payable to Valentina Botero for alleged unpaid wages (including liquidated and any other related damages) in connection with the allegations in the FLSA Lawsuit, in the gross amount of **$6,000.00**, minus applicable wage-related taxes and withholdings, to be reported on IRS Form W-2 and any other required federal, state and/or local tax reporting forms; and

b. A check, payable to Valentina Botero in the gross amount of **$6,000.00**, for alleged non-wage damages, to be reported on IRS Form 1099 and any other required federal, state and/or local tax reporting forms; and

c. A check, payable to Justice for Justice LLC in the amount of **$5,000.00**, representing attorneys' fees and costs, to be reported by IRS Form 1099s and any other required federal, state and/or local tax reporting forms.

Botero represents that she understands and agrees that the Settlement Payment is the complete and the total amount that she will receive from Mamacita's as settlement of any and all claims of any kind related to the Released Claims against Defendants, including, but not limited to, her Fair Labor Standard Act claims.

If Mamacita's fails to timely and fully pay the Settlement Sum as specifically described herein, then Botero shall be entitled to the entry of a Final Judgment against Defendants for $17,000.00, less any payments made. However, prior to Botero enforcing this right with respect to default, Botero's counsel shall send an email to jcarlin@carlinfirm.com and eservice@carlinfirm.com with notification of any payment default, and Defendants shall have three (3) business days thereafter in which to cure the default.

2. **ADEQUATE CONSIDERATION**

Botero agrees that this Settlement Sum constitutes adequate and ample consideration for the rights and claims that she is waiving under this Agreement, and for the obligations imposed on her under this Agreement.

### 3. MUTUAL RELEASE AND WAIVER OF CLAIMS

In exchange for delivery of the full Settlement Sum described in paragraph 1, above, Botero hereby releases Mamacita's, and any of its parent companies, subsidiaries, and all of their respective current and former members, partners, managers, directors, officers, contractors, associates, employees, shareholders, successors in interest, consultants, representatives, attorneys, and agents (collectively, "Released Parties") from any and all claims or demands of any kind unpaid wages, unpaid overtime, liquidated damages, and attorneys' fees costs, and litigation expenses that were asserted or that could have been asserted against Released Parties in the Action  This release of claims includes, but is not limited to, a release of any rights or claims Botero may have under the Fair Labor Standards Act; Florida's Minimum Wage Act; ; or based on theories of contract or tort , whether based on common law or otherwise.  The foregoing list is meant to be illustrative rather than exhaustive.

Notwithstanding the foregoing, the parties acknowledge and agree that Botero is not waiving rights or claims for damages, including but not limited to, lost wages, future wages, punitive damages, economic and non-economic damages allowable under the Florida Civil Rights Act and Title VII of the Civil Rights Act as asserted in her Charge of Discrimination filed with the Equal Employment Opportunity Commission under charge number 510 2021-01419, or that may arise after the date she signs this Agreement, including, without limitation, any rights or claims that Botero may have to secure enforcement of the payment terms and conditions of this Agreement.

Defendants, for themselves and on behalf of their present and former managers, directors, officers, employees, agents, subsidiaries, affiliates, and anyone else who may be responsible to defend or provide possible recompense, hereby release and discharge Botero, her attorneys, agents, assigns, heirs, executors, successors, administrators and personal representatives of any and all claims, demands, actions, causes of action, suits, damages, losses, costs, expenses, and attorney's fees, and all

claims related to unpaid wages, unpaid overtime, liquidated damages, and attorneys' fees, costs, and litigation expenses that were or could have been asserted against Botero in the Action .

4. **NO FUTURE EMPLOYMENT**

Botero agrees that she will not apply for employment or seek reinstatement as an employee with Mamacita's in the future.   Mamacita'swill have no obligation whatsoever to employ or reinstate Botero in the future.

Defendants agree that, in response to inquiries from prospective employers regarding Botero, they will provide only Botero's dates of employment and positions held.   Defendants shall be prohibited from providing any other information to prospective employers of Plaintiff, and it shall be a material violation of this Agreement for Defendants to reveal to a prospective employer of Botero that Botero threatened or asserted legal claims against Defendants.

5. **CONFIDENTIALITY**

Botero agrees that she will not disclose or discuss the terms of this Settlement Agreement with any other person, except her attorney, accountant, tax advisor, or spouse, unless compelled by law, or as needed to report taxes.  Moreover, if Botero discusses this Agreement with her attorney, accountant, tax advisor, or spouse, it shall be her duty, responsibility, and obligation to direct them not to discuss the terms of this Agreement with any other person.

6. **NON-ADMISSION OF LIABILITY**

Botero acknowledges that Defendants are entering into this Agreement solely to avoid the cost of litigation.  In making this Agreement, Defendants do not admit that it did anything wrong as to Botero.  To the contrary, Defendants deny liability of any kind to Botero.

Doc ID: f43dcf5ec3f1afb3511fda94a7c4f4eb51be3cd8

7. **SEVERABILITY**

The parties agree that if any provision of this Agreement or any part of any provision of this Agreement is found to be invalid by a court of competent jurisdiction, such finding shall not affect the validity of any other provision or part of this Agreement.

8. **ENTIRE AGREEMENT**

The parties agree that this Agreement constitutes their entire and final understanding and agreement with respect to the subject matter of this Agreement and supersedes all prior or contemporaneous negotiations, promises, covenants, agreements, or representations concerning all matters directly, indirectly, or collaterally related to the subject matter of this Agreement.

9. **ATTORNEYS' FEES AND COSTS**

The parties hereto agree that the U.S. District Court should retain jurisdiction to enforce the parties' obligations under this Agreement. In any legal action to enforce or interpret any provision of this Agreement, the prevailing party shall be entitled to recover its reasonable attorneys' fees, costs, and litigation expenses from the non-prevailing party through all appeals and in any litigation relating to entitlement or amount of attorneys' fees.

10. **AMENDMENTS**

The parties agree that this Agreement cannot be amended or modified except by a writing executed by the parties or their respective attorneys, administrators, trustees, personal representatives, or successors.

11. **ACKNOWLEDGMENT**

The parties certify that they have fully read, negotiated, and completely understand the provisions of this Agreement, that they have been advised by their attorneys, if any, before signing the Agreement, and that they are signing freely and voluntarily and without duress, coercion, or undue influence.

Doc ID: f43dcf5ec3f1afb3511fda94a7c4f4eb51be3cd8

12. **BINDING NATURE OF AGREEMENT**: The Agreement shall be binding upon each of the parties and upon their respective heirs, administrators, representative, executors, successors, and assigns, and shall inure to the benefit of each party and their respective heirs, administrators, representatives, executors, successors, and assigns.

13. **NON-DISPARAGEMENT.**

The parties agree that they will not make any negative or disparaging remarks, whether orally or in writing (including social media) about each other. The obligation includes, but is not limited to, refraining from making any disparaging, degrading, or demeaning remarks or casting any aspersions on each other which might have a harmful effect on their reputation.

14. **EXECUTION IN COUNTERPARTS**.

This Agreement may be executed in any number of counterparts, each of which shall be deemed an original. The parties also agree that a facsimile or an electronically scanned (PDF) copy of this Agreement may be accepted as an original and that facsimile or electronically-scanned (PDF) copies of the parties' signatures may be treated as original and admissible evidence of this Agreement.

15. **HEADINGS**: The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretive of the contents of such provisions.

[SIGNATURES ON FOLLOWING PAGE]

**IN WITNESS WHEREOF**, the signing parties knowingly and voluntarily executed this Agreement, and agree to its terms:

*Valentina Botero*   05 / 14 / 2021
_____
**Valentina Botero**        Date

_____ 5/12/21
**Jose Gomez a/k/a**           Date
**"Marlon" Gomez**

_____ 5-12-20
**Maria B. Narvaez**           Date

_____ 5-12-2021
**Jose A. Gomez**              Date

**Mamacita's Inc.**,
by its authorized Representative

_____ 5-12-20
                              Date


Audit Trail

| | |
|---|---|
| TITLE | Valentina Botero [Settlement Agreement].pdf |
| FILE NAME | Valentina%20Boter...0Agreement%5D.pdf |
| DOCUMENT ID | f43dcf5ec3f1afb3511fda94a7c4f4eb51be3cd8 |
| AUDIT TRAIL DATE FORMAT | MM / DD / YYYY |
| STATUS | ● Completed |

This document was requested from app.clio.com

## Document History

**SENT**
**05 / 14 / 2021**
17:52:52 UTC
Sent for signature to Valentina Botero (vale.botero19@gmail.com) from chad@getjusticeforjustice.com
IP: 108.191.114.77

**VIEWED**
**05 / 14 / 2021**
18:03:16 UTC
Viewed by Valentina Botero (vale.botero19@gmail.com)
IP: 107.77.253.14

**SIGNED**
**05 / 14 / 2021**
19:07:29 UTC
Signed by Valentina Botero (vale.botero19@gmail.com)
IP: 73.244.53.118

**COMPLETED**
**05 / 14 / 2021**
19:07:29 UTC
The document has been completed.

Powered by HELLOSIGN