UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-60107-RAR

VALENTINA BOTERO,

       Plaintiff,

v.

MAMACITA'S, INC., MARIA B. NARVAEZ,
JOSE A. GOMEZ, and MARLON GOMEZ,

       Defendants.

_____/

### ORDER GRANTING IN PART JOINT MOTION FOR APPROVAL OF PARTIES' SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

**THIS CAUSE** comes before the Court on the parties' Joint Motion to Approve FLSA Settlement, Dismiss with Prejudice, and Retain Jurisdiction to Enforce [ECF No. 26]. On January 18, 2021, Plaintiff filed her Complaint [ECF No. 1], alleging that Defendants violated the Fair Labor Standards Act ("FLSA"). *See generally* Compl.

Before the Court can approve a settlement of FLSA claims, it must scrutinize the settlement and determine that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). If the settlement reflects a reasonable compromise over FLSA issues that are actually in dispute, the Court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Id.* at 1354.

A proposed FLSA settlement agreement may also be rejected as "unreasonable" if it contains a confidentiality provision because it "both contravenes the legislative purpose of the FLSA and undermines the Department of Labor's regulatory effort to notify employees of their FLSA rights." *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242-43 (M.D. Fla. Apr. 19, 2010);

*see also Hicks v. Vortex Marine Construction, Inc.*, No. 16-1226, 2017 WL 2664361, at \*5 (M.D. Fla. May 4, 2017) (citations omitted) ("Parties frequently include confidentiality provisions in their FLSA settlement agreements and those provisions are regularly rejected by the courts."). Moreover, an FLSA settlement agreement generally should not be sealed or reviewed *in camera* unless there is a compelling interest in secrecy. *Hicks*, 2017 WL 2664361 at \*5 (citations omitted) (finding that reviewing an FLSA settlement agreement *in camera* "thwarts Congress' intent" and limits the public's access to an issue of "private-public character"); *see also Jessup v. Luther*, 277 F.3d 926, 929-30 (7th Cir. 2002) (finding that a settlement agreement requiring "input by a federal judge . . . is presumptively a public document").

Upon review of the record and the parties' documented basis for settlement of this FLSA case, including an award of attorneys' fees to Plaintiff's counsel, the Court finds that settlement of this action is fair and reasonable, and the requested fee is fair and reasonable and not grossly excessive. However, the Settlement Agreement's confidentiality provisions are unreasonable and cannot be included as part of the parties' Agreement. Thus, the Court can only approve the Agreement in part. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1.      The Joint Motion [ECF No. 26] is **GRANTED IN PART.**

2.      The Settlement Agreement [ECF No. 26-1], which has been duly filed as a record of the Court, is **APPROVED IN PART AND DENIED IN PART**. The confidentiality provision detailed in paragraph 5 of the Agreement is hereby **STRICKEN**. All other remaining provisions of the Agreement are **APPROVED**.

3.      The above-styled action is **DISMISSED** *with prejudice*.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 1st day of June, 2021.

 

_____

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**